liPLOTKIN, Judge.
Defendant Atlanta Life Insurance Co. (“Atlanta”) appeals a trial court judgment awarding total and permanent disability benefits under a life insurance policy issued to plaintiff Emmett J. Crockett. Based on our reading of the insurance policy at issue, we amend the trial court judgment and affirm as amended.

Facts

Mr. Crockett, who is the insured in the subject life insurance policy issued by Atlanta, claims that he is owed $20,000 in benefits under the policy as a result of his total and permanent disability resulting from an automobile accident which occurred in the course of his employment as a bus driver on April 10, 1992. At the time of the accident, Mr. Crockett was 59 years old. It is undisputed that the insurance policy was in full force and effect, with all premiums paid, at the time of the accident.
|2Mr. Crockett never returned to work following the accident, during which Mr. Crockett suffered an injury to a disc in his lower back. Initially, however, his treating physician, Dr. John Watermeier, felt that Mr. Crockett’s physical condition would improve following lumbar surgery and rehabilitation programs. Nevertheless, Mr. Crockett officially retired from his employment on October 1, 1993. Up to that point, Mr. Crockett had never notified Atlanta either of the accident or of the potential claim under the life insurance policy. On September 21, 1993, Mr. Crockett turned 60.
On January 1, 1994, one year and nine months after the accident, and more than four months after Mr. Crockett’s 60th birthday, he presented his first demand to Atlanta for payment under the total and permanent disability provisions of the insurance policy. On March 30, 1994, Laura Tulecki of the Claims Department for First Security Underwriting Services, Inc. denied Mr. Crockett’s demand for disability benefits, stating as follows:
Our records indicate Mr. Crockett’s last day worked was April 9, 1992, our initial notification of the disability was January 14, 1994, which is after the one year filing limit as indicated by the policy, therefore, benefits are not payable at this time.
However, on June 15, 1994, Ms.' Tulecki wrote to Dr. Watermeier, stating as follows:
According to our records, Mr. Crockett has been totally and permanently disabled since April 22, 1992. Mr. Crockett has indicated to us, that he has been totally and permanently disabled since his surgery on April 8,1993 rather than April 22, 1992. In order to properly process this claim, we will need clarification of the date.
After Dr. Watermeier’s reply to Ms. Tu-leeki’s request, she again denied Mr. Crockett’s claim, stating as follows in a letter dated July 11,1994:
Although Dr. Watermeier did not address the original issue of when the total and permanent disability began | .-¡but rather when the short term disability began. He did indicate that you can be retrained for sedentary or light activity.
(Emphasis in original.)
Thereafter, on August 23,1994, almost two and one-half years after the accident and almost a year after Mr. Crockett had reached age 60, Dr. Watermeier officially pronounced him totally and permanently disabled. A month later, on September 29, 1994, Mr. Crockett formally resubmitted his claim for total and permanent disability benefits to Atlanta. On December 5, 1994, Ms. Tulecki once again denied the claim, stating as follows:
Enclosed is a copy of our original denial along with a copy of the Permanent Total Disability Benefit Policy indicating the such proof be submitted no later than one year after commencement of the total disability. *533 the sum of $363.80 per month for sixty (60)months, beginning September 30, 1994, up to $20,000, together with judicial interest on all of the above amounts from date of judicial demand until paid, and for all costs of these proceedings, including expert witness fees.
*532 Following that denial, Mr. Crockett filed the instant suit, seeking payment under the policy, plus penalties and attorney fees. Following a trial on the merits, the trial court ruled in favor of Mr. Crockett, awarding him the following:
*533 The trial judge denied Mr. Crockett’s request for penalties and attorney’s fees. Atlanta appealed.

Insurance policy provisions

The $20,000 life insurance policy issued by Atlanta to Mr. Crockett contained a section entitled “Permanent Total Disability Benefits,” which included the following provisions:
I. If any Individual shall furnish the company with due proof that while insured under this policy, and before |4having attained the age of Sixty the Individual has become totally disabled by bodily injuries or disease so as to be prevented from engaging in any occupation or employment for remuneration or profit, and that such total disability will be permanent and continuous during the Individuals further lifetime, provided he furnishes such proof no later than one year after commencement of the total disability....
If the amount of insurance shall be greater than $5,000 the number of monthly installments shall be Sixty, and the amount of each installment shall be at the rate of $18.19 for each $1,000 of insurance.
[[Image here]]
II. If an Individual shall meet all of the terms and conditions of Section I above except that due proof of his permanent total disability shows that such disability shall have commenced after attaining age Sixty but prior to attaining age Sixty-five the Company will pay to the Individual in a fixed number of installments, that part of such Individual’s insurance specified in Section 1(a), in full settlement of all obligations to him under this policy on account of such part of his insurance. Payment under this provision of such part of an Individual’s insurance shall be in accordance with and subject to the terms and conditions of said Section I; except that payments under this provision shall cease prior to any time specified in said Section I, with the payment immediately preceding the sixty fifth anniversary of such Individual’s date of birth....
The primary difference between the two provisions quoted above is that the beneficiary is entitled to 60 monthly payments under Section I, regardless of age, and only entitled to up to 60 monthly payments under Section II, with the payments ceasing in the month prior to the beneficiary’s 65th birthday. Since the trial court awarded 60 months of benefits to Mr. Crockett, his award is presumably based upon Section I of the policy.

Mr. Crockett’s entitlement to disability benefits

Citing Section I of the permanent total disability benefits provision, Atlanta claims that its denial of Mr. Crockett’s claim was proper on two alternative | sgrounds: (1) Mr. Crockett’s total and permanent disability occurred after Mr. Crockett had reached the age of 60, if it occurred on August 23, 1994 (the date Dr. Watermeier pronounced Mr. Crockett totally and permanently disabled); and (2) Atlanta did not receive proof of Mr. Crockett’s total and permanent disability within one year after the commencement of the total disability, if it occurred on April 10, 1992 (the date of the accident), because the first notice was given on January 1, 1994.
We find merit in Atlanta’s arguments concerning Mr. Crockett’s entitlement to recover disability benefits under Section I of the permanent total disability benefit provision of the policy. Either Mr. Crockett reached the age of 60 prior to his total permanent disability on August 23,1994, when Dr. Wat-ermeier pronounced his total disability permanent, or he failed to give notice within one year of the commencement of the disability, if the disability occurred on the date of the accident, April 10, 1992. Thus, under the only reasonable interpretation of the requirements of Section I, Mr. Crockett is not entitled to disability benefits.
However, though the parties do not discuss Mr. Crockett’s entitlement to recover *534 disability benefits under Section II, we find the provisions of that section applicable to the instant case. The July 11, 1994 letter from Ms. Tulecld stated that Mr. Crockett was not entitled to recovery at that time because “Dr. Watermeier did not address the original issue of when the total and permanent disability began but rather when the short term disability began” (emphasis in original). Moreover, Ms. Tulecki cited the fact that Dr. Watermeier indicated that Mr. Crockett could still be “retrained for sedentary or light activity.” Those statements can only be interpreted to mean that the final reason for Atlanta’s denial of benefits to Mr. Crockett in July of 1994 was because he was not yet totally and permanently disabled. Nevertheless, after Dr. Watermeier pronounced Mr. | fiCrockett totally and permanently disabled one month later and Mr. Crockett submitted proof of that pronouncement, Atlanta, by way of Ms. Tulecki’s December 5, 1994 letter, denied benefits because Mr. Crockett had failed to submit proof of the disability within one year of its commencement.
On the basis of the record in the instant case, we find that Mr. Crockett’s total and permanent disability commenced for purposes of entitlement to disability benefits under the Atlanta life insurance policy when his doctor pronounced him totally and permanently disabled on August 23, 1994. Mr. Crockett gave timely notice of his disability by notifying the company within one year of that date, on September 29,1994. Thus, Mr. Crockett’s disability commenced “after attaining age Sixty but prior to attaining age Sixty-five.”
Accordingly, Mr. Crockett is eligible for disability benefits under Section II of the “Permanent Total Disability Benefit” provision of the Atlanta life insurance policy. Under that section, Mr. Crockett is entitled to monthly payments of $363.80 ($18.19 for every $1,000 worth of insurance) commencing on August 23, 1994 and continuing until the month preceding his 65th birthday on September 21,1998.

Conclusion

Accordingly, the trial court judgment is amended to delete the portion awarding Mr. Crockett payments for a full 60 months. Instead, Atlanta is ordered to pay Mr. Crockett monthly payments of $363.80 commencing on August 24, 1994 and continuing until the month preceding September 21,1998. In all other respects, the judgment is affirmed.
AMENDED; AFFIRMED AS AMENDED.